### CARMAN v. CITY OF NEW YORK.

(Municipal Court of City of New York, Borough of Manhattan, Fifth District. July 5, 1912.)

MUNICIPAL CORPORATIONS (§ 220*)—OFFICERS—SALARIES.

One appointed draftsman in the department of bridges after the adoption by the board of aldermen of the city of New York of a resolution fixing an annual salary of all draftsmen, and after the civil service commission had abolished its division of draftsmen according to salary, is entitled to the salary fixed by the resolution, unaffected by the prior provision of the commission, authorized only to prescribe rules for the classification of offices and employments under the classified service.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 599–608; Dec. Dig. § 220.*]

Action by Clarence L. Carman against the City of New York. Judgment for plaintiff.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Gettner, Simon & Asher, of New York City, for plaintiff.

Archibald R. Watson, Corp. Counsel, and Terence Farley, both of New York City, and William E. C. Mayer, of Brooklyn, for defendant.

SPIEGELBERG, J.   The issues in this case are similar to those discussed in Golding v. City of New York, 140 N. Y. Supp. 1020, decided herewith.   In view of the opinion handed down in the Golding Case, it is unnecessary to traverse the ground again in this case.   The same defenses are raised by the defendant herein, and further comments would be unnecessary, were it not for the fact that the learned corporation counsel makes an additional point, which was omitted in the Golding Case.

Certain rules and schedules of the municipal civil service commission were introduced in evidence, showing that at the time of the passage of the resolution of the board of aldermen in June, 1903, the position of draftsman was graded according to salary.   Among others, there was established a grade at $1,800, and one at $1,950.   Rule 37 of the commission provided that an increase in salary beyond the rate fixed for the grade in which such office is classified shall be deemed a promotion, and rule 38 provided for an eligible list for promotion.   The argument is made that the resolution of June, 1903, fixing the salary of draftsmen at $1,950, must be considered as a grade contemplated by the civil service commission for promotions from the lower grades.   On December 4, 1903, the civil service commission abolished the rules and classifications above referred to, and from that time on the position of draftsman was not graded as to salary.

If there is any merit to the contention of the defendant, it fails entirely in view of the fact that the plaintiff was appointed to the position on September 9, 1904, after the civil service commission had abolished the division of draftsmen according to salary.   It is quite apparent that the civil service commission realized that, after the board of aldermen had placed all draftsmen upon the same salary basis, a distinction between them in the amount of salary to be received could no longer be made.   In any event, the civil service commission is not authorized to consider the salary to be paid to any official, but it is their duty to prescribe rules for the classification of the offices and employments under the classified service.   Powell v. City of New York, 65 App. Div. 421, 72 N. Y. Supp. 990.

By concession of the defendant, the amount due to the plaintiff, if he is entitled to judgment, is the sum of $187.50, together with $1.87 interest.   In the view that I take of this case, judgment must be directed accordingly for the plaintiff.